### LANDLORD AND TENANT.

[Circuit Court of Franklin County.]

CHARLES W. LINKE v. D. B. WALCOTT ET AL.*

Decided, January Term, 1903.

*Res Judicata—Action for Recovery of Rent—Not Barred by Judgment in Previous Action to Recover Possession and for Mesne Profits.*

A judgment in an action for recovery of possession of real property and for rents from and after the forfeiture of the lease is not a bar to a suit for recovery of money under the lease, which accrued prior to the forfeiture.

WILSON, J.; SULLIVAN, J., and SUMMERS, J., concur.

It was not error to sustain the demurrer to the supplemental answer or plea in bar. The recovery of damages as for mesne rents and profits in the action for possession and to declare a forfeiture, was no bar to a recovery in this action for rents under the lease.

*Affirmed by the Supreme Court without report, 68 Ohio State, 530.

There was no error in sustaining the demurrer to the second answer and cross-petition filed November 10, 1899, for the reason that the defendant did not stand upon this pleading, but filed another answer and cross-petition in which he availed himself of all its material averments; and for the further reason that the pleading did not state a defense or cause of action. Nor was it error to sustain the demurrer to the third defense, for no special damages are pleaded and no eviction is averred.

We find no error in the admission and exclusion of evidence, and no prejudicial error in the charge of the court, looking to the state of the proofs to which the charge must be applied.

We find no error on the record, and the judgment is affirmed and cause remanded.

*J. D. Sullivan,* for plaintiff in error.

*Rathmell & Johnson,* for defendants in error.